# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| THE MONOTYPE CORPORATION, a Delaware corporation, | ) ) ) | |
| Monotype, | ) ) | |
| v. | ) ) ) | Case No. 02 C 3713 |
|  | ) | The Honorable John A. Nordberg |
| RED HAT, INC., a Delaware corporation, | ) ) ) ) | Magistrate Judge Geraldine Soat Brown |
| Defendant. | ) ) | |

## NOTICE OF MOTION

FILED DOCKETED
IN SEP 26 2002   OCT 03 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

TO: Paul F. Stack
Robert A. Filpi
Stack & Filpi Chartered
Suite 411
140 South Dearborn Street
Chicago, Illinois 60603-5298

PLEASE TAKE NOTICE that on Wednesday, October 2, 2002, at 9:45 a.m., the undersigned shall appear before The Honorable Geraldine Soat Brown, United States District Court Magistrate Judge, in Courtroom 1812, United States District Court, Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois and then and there present **RED HAT'S MOTION TO COMPEL AND FOR SANCTIONS**, a copy of which is attached and hereby served upon you.

Respectfully submitted,

RED HAT, INC.

By _____
One of Its Attorneys

Alan L. Unikel
Christopher E. Paetsch
Charles Chejfec
**SEYFARTH SHAW**
55 East Monroe Street
Suite 4200
Chicago, Illinois 60603
(312) 346-8000

36

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*FILED*

*SEP 2 6 2002*

*MICHAEL W. DOBBINS*
*CLERK, U.S. DISTRICT COURT*

| | |
|---|---|
| THE MONOTYPE CORPORATION, a Delaware corporation, | ) ) ) |
| Monotype, | ) ) ) |
| v. | ) ) |
| RED HAT, INC., a Delaware corporation, | ) ) ) |
| Defendant. | ) ) ) |

Case No. 02 C 3713

The Honorable John A. Nordberg

Magistrate Judge Geraldine Soat Brown

*DOCKETED*
*OCT 0 3 2002*

## RED HAT'S MOTION TO COMPEL AND FOR SANCTIONS

Defendant Red Hat, Inc. ("Red Hat"), by and through its attorneys, Seyfarth Shaw, pursuant to Federal Rules of Civil Procedure 26, 30, 33, 34 and 37, hereby moves this Court for an Order compelling Monotype to answer interrogatories, produce documents and produce witnesses for deposition, as set forth below. Red Hat certifies that it has attempted to resolve all of the issues raised in this motion, but Monotype has not responded to Red Hat's efforts in this regard. In further support of its motion, Red Hat states as follows:

### BACKGROUND

1.     On May 23, 2002, Red Hat filed a complaint in the United States District Court for the Eastern District of North Carolina, seeking a declaratory judgment that its operating system software, Red Hat Linux 7.3, does not infringe any of Monotype's alleged trademarks or copyrights in the words "Times New Roman" and "Arial" or software programs used to generate certain fonts. After Red Hat filed its Complaint, Monotype filed an identical action here in the Northern District of Illinois, claiming that Red Hat's product violates Monotype's alleged trademarks or copyrights as to such subject matter. The two lawsuits address the identical issues.

*36*

2.      At present, Judge Nordberg has deferred any proceedings regarding the merits of this action, pending a decision from the first-filed jurisdiction, the EDNC, as to the venue in which this lawsuit should proceed. However, Judge Nordberg, this Court, and the parites have agreed that discovery may proceed in due course.

3.      On July 31, 2002, Red Hat served Monotype with its First Set of Interrogatories and First Request of Production of Documents. Copies of Red Hat's interrogatories and document requests are attached hereto as Exhibits A and B, respectively. Generally, Red Hat's discovery seeks information related to Monotype's claim that it has protectable copyright or trademark rights in the subject matter at issue. All of the information sought in Red Hat's discovery clearly falls within the broad definition of relevant information under the Federal Rules. See FRCP 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.") Red Hat issued its discovery quickly based on Monotype's repeated demands that discovery move forward on an expedited basis.

4.      On July 31, 2002, Red Hat also served Monotype with a Supplemental Notice of 30(b)(6) Deposition, a copy of which is attached hereto as Exhibit C. The Notice set the deposition for August 14, 2002. It also required Monotype to produce documents on August 7, 2002 which were responsive to the areas of inquiry listed in the Notice. See Fed. R. Civ. P. 30(b)(1). However, the deposition did not proceed on August 14, 2002, because Monotype failed to designate any 30(b)(6) witness(es) or produce any responsive documents.

5.      In the interim, Red Hat produced documents responsive to Monotype's Notice of 30(b)(6) deposition, and also presented its 30(b)(6) witnesses for depositions, which Monotype took on August 8 and 9, 2002. Subsequently, on August 19, 2002, Red Hat wrote to Monotype

and requested that it produce responsive documents so the parties could schedule the deposition. A copy of the August 19, 2002 letter is attached hereto as Exhibit D.

6. On August 26, 2002, Monotype designated two individuals to serve as its 30(b)(6) representatives, but gave no indication that it would produce any documents, except to say that it intended to raise written objections to such a production. A copy of Monotype's August 26, 2002 letter is attached hereto as Exhibit E. On August 30, 2002, Red Hat advised Monotype that it needed to review the responsive documents before the 30(b)(6) deposition. Red Hat reminded Monotype that it requested discovery on an expedited basis, and that expedited discovery is a two-way street. Therefore, Red Hat requested that Monotype provide, "as soon as possible," a date certain by which it would produce responsive documents and its 30(b)(6) witnesses. A copy of Red Hat's August 30, 2002 letter is attached hereto as Exhibit F. To date, however, Monotype has not (a) produced any documents responsive to the 30(b)(6) Notice, (b) provided any dates when it intends to produce such documents, or (c) served any written objections to the Notice.

7. Additionally, although Monotype has repeatedly demanded that the Court "expedite discovery" and the parties "get going as quickly as possible on discovery," see Transcript of June 4, 2002 proceedings at page 4, a copy of which is attached hereto as Exhibit G, Monotype responded only belatedly to Red Hat's interrogatories and document requests. Copies of Monotype's interrogatory answers and responses to document production requests are attached hereto as Exhibits H and I, respectively. More importantly, Monotype's responses to this written discovery were plainly deficient in several material respects.

8. As such, on September 6, 2002, again in the spirit of compromise and in yet another attempt to resolve these issues without the need for motion practice, Red Hat sent a letter to Monotype, outlining in detail all of the deficiencies in Monotype's discovery responses. A

copy of the September 6, 2002 letter is attached hereto as Exhibit J. To date, however, Monotype has failed to respond at all to Red Hat's letter of September 6, 2002. Without complete and accurate answers to its interrogatories and document production requests, Red Hat simply cannot begin to understand the full nature of Monotype's claims, much less adequately defend itself. Therefore, Red Hat requests that the Court enter an Order compelling Monotype to fully and accurately answer the following interrogatories and document production requests, and to produce a privilege log as appropriate.

## INTERROGATORIES

### Interrogatory # 1

9. Interrogatory 1 requires Monotype to identify the individuals who wrote or created the computer programs at issue, including an explanation of their contributions to the programs. Although Monotype's answer does identify certain individuals, it does not provide addresses, telephone numbers, nor indicate whether the individuals are Monotype's employees or have some other relationship to Monotype. See Fed. R. Civ. P. 26(a)(1)(A) (requiring parties to disclose "addresses and telephone numbers of each individual likely to have discoverable information . . . .") Additionally, Monotype's answer fails to explain each individual's contribution to the development of the computer programs at issue. This information is critical in determining the factual basis for Monotype's claims and the identification of witnesses with relevant knowledge.

### Interrogatory # 3

10. Interrogatory 3 requires Monotype to set forth in detail all the ways in which it contends that any software in Red Hat's operating system is identical, similar to or derived from Monotype's programs. Monotype's answer is incomplete because, for example, it does not identify the computer program language which allegedly infringes Monotype's copyrights.

- 4 -

Monotype's answer likewise does not provide any other specific evidence of the alleged copying or duplication.

**Interrogatory # 4**

11.     Interrogatory 4 seeks identification of Monotype's license agreements for computer font programs at issue.  This information is clearly relevant because any value of Monotype's alleged copyrights, and its efforts to protect those rights, bear directly on their existence and enforceability, as well as upon any alleged harm or damages.

**Interrogatory # 5**

12.     Similarly, Interrogatory 5 seeks any agreements or contracts which limit Monotype's rights to license the software at issue.  Again, this basic information is directly relevant to the existence and enforceability of Monotype's alleged copyrights.

**Interrogatory # 6**

13.     Interrogatory 6 seeks identification of the individuals who first obtained knowledge of Red Hat's alleged infringement, and how each of them obtained that knowledge. Again, although Monotype's answer does identify certain individuals, it does not provide addresses, telephone numbers, or indicate whether the individuals are Monotype's employees or have some other relationship to Monotype.  See Fed. R. Civ. P. 26(a)(1)(A) (requiring parties to disclose "addresses and telephone numbers of each individual likely to have discoverable information . . . .")  Additionally, Monotype failed to explain how any of the individuals obtained their information.  This is basic discoverable information that Monotype must provide.

**Interrogatories # 10-11**

14.     Interrogatories 10 and 11 seek information regarding other litigation and communications involving the subject matter of this lawsuit.  In its answer, Monotype simply refers Red Hat to the documents Monotype will produce.  While FRCP 33(d) allows a party to

answer an interrogatory by referring to documents, that answer must "specify the records from which the answer may be derived." Fed R. Civ. P. 33(d). Additionally, a party may answer an interrogatory by referring to documents only when the burden of doing so is "substantially the same" to the answering party. Id. At a minimum, Monotype has failed to identify any specific bates-labeled documents which are responsive to Interrogatories 10 and 11, much less explain why the burden of answering these interrogatories is "substantially the same" for both parties. As such, Monotype must supplement it answer.

**Interrogatory # 13**

15. Interrogatory 13 seeks identification of individuals who are likely to have discoverable information about the issues raised by the pleadings, and a summary of the information each such person is believed to have. As with Interrogatory Nos. 1 and 6 above, Monotype's answer is incomplete because it does not provide complete addresses, telephone numbers, nor indicate whether the individuals are employees of or have some other relationship to Monotype. See Fed. R. Civ. P. 26(a)(1)(A) (requiring parties to disclose "addresses and telephone numbers of each individual likely to have discoverable information . . . .") Monotype's response is inadequate and must be supplemented.

## DOCUMENT REQUESTS

**Document Request # 9**

16. Request 9 seeks documents demonstrating Monotype's sales and/or license agreements regarding the software at issue. As noted above, this information is clearly relevant to the existence, enforceability and value of Monotype's alleged rights.

**Document Request # 10**

17.     Request 10 seeks documents relating to Monotype's use of distributors or other third parties to sell its font software at issue.  Again, this information clearly is relevant to the issues raised in the Complaint, including the value of Monotype's alleged intellectual property.

**Document Request #11**

18.     Request 11 seeks documents relating to Monotype's efforts to monitor and/or control the use of the alleged trademarks at issue.  This information is indisputably relevant to the issues raised in Monotype's claims of alleged trademark infringement.

**Document Request #12**

19.     Request 12 seeks the marketing materials related to Monotype's alleged trademarks.  Monotype indicated that it will produce *some* responsive documents, but does not identify exactly what it will be producing.   However, Monotype is required to produce all documents in its "possession, custody, or control."  Fed. R. Civ. P. 34.  As such, Monotype may not withhold production because it believes that certain documents may be "equally available to Red Hat," without identifying such documents.  (Ex. E at 7).

**Document Requests #14-15**

20.     Requests 14 and 15 require Monotype to produce documents related to any communications between Monotype and third parties relating to Red Hat's allegedly infringing conduct.  Monotype has refused to produce documents responsive to these requests on relevancy grounds.  However, this information goes to the heart of Monotype's allegations, namely that Red Hat infringed its rights and purportedly harmed Monotype thereby.  As such, the documents clearly are relevant to the issues in this dispute and must be produced.

**Document Request #18**

21.     Request 18 requires Monotype to produce documents regarding any communications between Monotype and Microsoft, one of Monotype's licensees and/or distributors, related to the particular software at issue in this case. This information is clearly relevant to the enforceability of Monotype's alleged copyrights -- for example, Microsoft has had a long-standing policy of making Monotype's software publicly available via the Internet. As such, these documents are important not only for their substance, but also as a means of identifying other sources of discoverable information.

**Document Request #20**

22.     Request 20 seeks all documents relating to Red Hat. Because Monotype has named Red Hat as the defendant in this case, Red Hat has the right to obtain all discoverable (that is, non-privileged) information about it which is in the possession, custody, or control of Monotype.

**Document Requests #21-22**

23.     Requests 21 and 22 seek any insurance agreements (#21) and documents identified in response to Red Hat's interrogatories (#22). FRCP 26(a)(1)(B) and (D) requires a party to disclose all relevant insurance policies as well as other relevant information related to any claims or defenses. As such, Monotype may not obstruct discovery of this information by responding ambiguously that it "does not have possession, custody or control over any documents responsive" to these requests. Monotype should be required to disclose whether any such documents do exist and, if so, the identity and location of the individuals or entities who have them in their possession, custody or control.

**Document Request #23**

24.     Request 23 seeks any other documents upon which Monotype relies to support its claims in this case. Monotype is required to produce such information under FRCP 26(a)(1)(B), so there can be no basis for an objection to this request. Red Hat is entitled to obtain all documents which Monotype contends support Monotype's claims or defenses.

**Privilege Log**

25.     In response to Requests 11, 14, 15, 18, 20, and 23, Monotype stated that it possesses responsive documents, but asserts a privilege as to them. Although privilege may be an acceptable ground for withholding production, a party asserting such a privilege must produce a privilege log, setting forth sufficient information to allow the opposing party (Red Hat) to evaluate the existence of any claimed privilege. See FRCP 26(b)(5). To date, Monotype has failed to produce any privilege log. The Federal Rules expressly require that Monotype do so.

## RULE 30(b)(6) NOTICE

26.     As set forth in paragraphs four, five, and six above, Monotype has failed to produce any documents responsive to the requests set forth in Red Hat's Notice of Rule 30(b)(6) Deposition. Monotype's refusal to produce such documents violates FRCP 30(b)(1), and has unnecessarily delayed the 30(b)(6) deposition. Monotype should be required to produce responsive documents and thereafter produce its 30(b)(6) documents by dates certain.

27.     Monotype has asked for and received its discovery from Red Hat. Monotype has insisted that discovery move forward expeditiously, but has refused even to respond to much of Red Hat's discovery, and has failed to respond to Red Hat's attempts to remedy the inadequate responses Monotype has provided. Discovery is, and should be, reciprocal. Monotype ought not be allowed to continue preventing Red Hat's efforts to obtain basic discovery.

28.     Based on the foregoing, this Court should enter an order compelling Monotype to do the following:

## CONCLUSION

a)     Provide complete and accurate answers to Interrogatories 1, 3, 4, 5, 6, 10, 11, and 13;

b)     Produce responsive documents to Document Requests 9, 10, 11, 12, 14, 15, 18, 20, 21, 22, and 23;

c)     Produce a privilege log in accordance with FRCP 26(b)(5);

d)     Produce documents and witnesses responsive to Red Hat's Notice of Rule 30(b)(6) Deposition; and,

e)     Pursuant to FRCP 37, award Red Hat its reasonable attorneys' fees and costs incurred in bringing the instant motion.

Respectfully submitted,

RED HAT, INC.

By _____
One of Its Attorneys

Alan L. Unikel
Christopher E. Paetsch
Charles Chejfec
**SEYFARTH SHAW**
55 East Monroe Street
Suite 4200
Chicago, Illinois 60603
(312) 346-8000
10429624

## CERTIFICATE OF SERVICE

The undersigned, Charles Chejfec, hereby certifies that a true and correct copy of the foregoing **RED HAT'S MOTION TO COMPEL AND FOR SANCTIONS** was served upon:

> Paul F. Stack
> Robert A. Filpi
> Stack & Filpi Chartered
> Suite 411
> 140 South Dearborn Street
> Chicago, Illinois 60603-5298

by messenger delivery on this 26th day of September, 2002.

_____
Charles Chejfec

CH1 10430977.1

# SEE CASE FILE FOR EXHIBITS