Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 3713 | DATE | 11/20/2003 |
| CASE TITLE | | Monotype vs. Red Hat | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Stipulation to dismiss is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | NOV 21 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 128 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| | TP | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
NOV 2 1 2003

| | |
|---|---|
| THE MONOTYPE CORPORATION, A Delaware corporation, and AGFA MONOTYPE CORPORATION, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RED HAT, INC., A Delaware corporation,<br><br>Defendant. | No. 02 C 3713<br><br>Judge Nordberg<br><br>Magistrate Judge Brown |

### ORDER OF DISMISSAL PURSUANT TO
### RULE 41(a)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE

This matter coming to be heard on the Stipulation of the parties and motion for dismissal, pursuant to Rule 41(a)(2), of the Federal Rules of Civil Procedure, and the Court being advised that the parties have settled and compromised the claims contained in this action, and being otherwise advised in the premises;

IT IS ORDERED AS FOLLOWS:

(1) All counts of the Third Amended Complaint against defendant Red Hat, Inc., are hereby dismissed with prejudice and without costs.

(2) All counts of the counterclaims against The Monotype Corporation and Agfa Monotype Corporation are hereby dismissed with prejudice and without costs.



3

(3) Documents exchanged by the parties that were marked under the Protective Order (a copy of which is attached hereto, marked as Exhibit "A"), entered in this action as being "confidential" or "subject to the protective order" and any copies made thereof shall be destroyed by the receiving party within 90 days of the entry this Order.

(4) The Court shall retain jurisdiction of this action solely to enforce paragraph 3 above.

Dated: November 20, 2003

ENTER:

United States District Judge

*Attorneys for Plaintiffs:*
Paul F. Stack
Robert A. Filpi
Cori Szczucki
Stack & Filpi Chartered
140 S. Dearborn St. Suite 411
Chicago, Illinois 60603
(312)782-0690

*Attorneys for Defendant:*
Alan L. Unikel
Christopher E. Paetsch
Seyfarth Shaw
55 East Monroe Street Suite 4200
Chicago, Illinois 60603
(312) 346-8000

4

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3713 | **DATE** | 8/1/2002 |
| **CASE TITLE** | The Monotype Corp. vs. Red Hat, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]    Enter protective order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | AUG 0 5 2002 date docketed | |
| ✓ | Docketing to mail notices. | | 27 |
| | Mail AO 450 form. | CDY docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TP courtroom deputy's initials | 02 AUG -2 PM 4:58 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| THE MONOTYPE CORPORATION, a Delaware corporation, | ) ) ) | **DOCKETED** |
| Plaintiff, | ) CASE NO. 02 C 3713 ) ) | AUG 0 5 2002 |
| v. | ) ) ) | Judge Nordberg Magistrate Judge Geraldine Soat Brown |
| RED HAT, INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) | |

## PROTECTIVE ORDER

The parties to the above-identified action, recognizing that some of the documents and information which may be requested to be produced by each of the parties may include matter held as trade secrets or other confidential, technical, commercial and financial information, are willing to produce such documents and information for use in the above-entitled action subject to the limitations set forth in this Protective Order. Therefore, the terms set forth herein are agreed to by the parties, through their attorneys and pursuant to Fed. R. Civ. P Rule 26(c). IT IS HEREBY ORDERED:

1. With respect to such matter which has been or will be sought or produced during discovery, the party producing the information in question (herein called the "producing party") may identify or otherwise designate such matter as "CONFIDENTIAL." The party making the designation represents that it has a good faith belief that the material is in fact a trade secret or other confidential or proprietary information and the parties will use reasonable care to avoid so designating as "CONFIDENTIAL" information that is generally available to the public. In the absence of any such designation or indication at the time of production or revelation, the matter

DURI\321086_1

27

produced or revealed shall be deemed non-confidential. Notwithstanding the foregoing, any party may make documents available for inspection on a CONFIDENTIAL basis. If and when copies of such documents are produced, they shall be marked CONFIDENTIAL only if they meet the strictures set forth above.

2. As to information designated CONFIDENTIAL in accordance with paragraph 1 above, the party requesting the production or seeking the information and its counsel and any other party receiving the production and its counsel (collectively referred to herein as the "discovering parties") shall not disclose such matter except to the following described groups of persons:

   a. legal counsel, including trial counsel, local counsel and in-house counsel, for the discovering parties and their respective court reporters and clerical employees, as well as outside copying and computer services;

   b. any outside technical and other experts as are deemed necessary, in the judgment of counsel for the discovering parties, to the conduct of this litigation; and

   c. any person who is an author, addressee, or who has been identified as a person who has received the designated document.

   d. any person who has acknowledged adherence to the terms of this Order without objection or after order of Court following compliance with the procedures set forth in paragraph 8.b.

3. All individuals to whom CONFIDENTIAL information is to be disclosed shall be informed of the existence of this Protective Order, shall be provided with a copy thereof and shall be instructed that CONFIDENTIAL information may not be used other than in connection

with the litigation and may not be disclosed to anyone other than those persons contemplated by this Protective Order, court reporters recording testimony in this case and necessary notarizing officers. Legal counsel for the discovering parties shall take reasonable steps to insure adherence to the terms and conditions of this Protective Order by their respective stenographic and clerical employees.

4. Prior to the disclosure of CONFIDENTIAL information, each individual, except legal counsel and legal counsel's court reporters and clerical staff and any outside copying services, to whom CONFIDENTIAL information is to be disclosed under paragraphs 2(a), 2(b) and 2(d) above, shall acknowledge in writing in the form attached hereto that he or she has been informed of this Protective Order, that he or she has been provided with a copy thereof, and that he or she fully understands and agrees to his or her obligations pursuant to this Protective Order. Such acknowledgments shall be served on counsel for the producing party. It shall be the obligation of the discovering parties and its counsel to obtain and maintain copies of such acknowledgments. Each party may object to any designated individual except legal counsel. If no objection is made in writing within ten (10) days after service of the acknowledgement of a specific individual, disclosure of CONFIDENTIAL information to that individual may occur. If there is any such objection, such disclosure shall not occur except upon leave of Court or later agreement between the parties.

5. To the extent that a designated individual to whom CONFIDENTIAL information may be disclosed pursuant to paragraph 4 of this Protective Order is or may be a non-testifying expert consulted by counsel, the following provisions are applicable:

(a) Neither party will be deemed to have waived any work-product privilege by disclosing the name of a non-testifying expert to whom counsel intends to show CONFIDENTIAL information as required by paragraph 4 above or by objecting to such disclosure as provided for in that same paragraph.

(b) No non-testifying expert disclosed pursuant to paragraph 4 will be subject to deposition or subpoena as a witness at trial based solely upon the fact that he/she was the subject of such disclosure. This provision is not intended to preclude the deposition or trial testimony of any individual whom a party believes in good faith has independent knowledge of facts relevant to the case or who produces a report in this case in anticipation of testifying at trial.

(c) The fact of counsel's consultation with a non-testifying expert will not be used at deposition or trial for any purpose, including the cross-examining of any witness or testifying experts.

(d) The identity of non-testifying experts disclosed pursuant to paragraph 4 may be disclosed to legal counsel and employees of the non-disclosing party only to the extent necessary to determine if an objection to the proposed disclosure is warranted. Such disclosure, the process of determining the necessity of an objection and the process of making an objection, including affidavits filed in support of such an objection, will not be the subject of depositions or used at trial for any purpose.

Nothing in this paragraph 5 is intended to limit discovery of to, or with regard to, experts who produce reports in this case in anticipation of testifying at trial.

6. For depositions taken in this litigation, a party may designate as CONFIDENTIAL testimony concerning CONFIDENTIAL information by so advising the court reporter during the course of that testimony for which CONFIDENTIAL treatment is desired or

by so advising opposing counsel in writing within 30 calendar days of receipt of the transcript. Until such 30 calendar days have run, the entire transcript shall be treated as CONFIDENTIAL.

7. Any discovery papers, including deposition transcripts, exhibits or other documents, and any court documents such as briefs or motions, to be filed with the Court and which include CONFIDENTIAL information, shall be sealed by counsel prior to submission in an envelope prominently labeled in a cover sheet containing the caption of the case and stating:

"RESTRICTED DOCUMENT"

and

"In accordance with the Protective Order entered in Civil Action No. 02-C-3713, the contents of this envelope shall be held in confidence, under seal and shall not be opened except by subsequent order of the Court."

In the case of deposition transcripts which include CONFIDENTIAL information, the reporter shall not file the original but shall submit it to the attorney for the party deponent or to the attorney for the party taking the deposition in the case of a non-party witness. Such attorney shall be responsible for submitting the transcript to the Clerk for filing, if necessary, in accordance with the foregoing procedure, and additionally, he or she shall specify on the face of the sealed envelope, and advise opposing counsel within fifteen (15) days of receipt of the transcript of the particular pages which are deemed to include CONFIDENTIAL information. No party shall be limited by this Protective Order from filing or using in this case copies of non-confidential pages (or portions of pages) of any such transcripts or discovery documents.

8. a. Notwithstanding the designation of any material as CONFIDENTIAL, such material may be utilized in examining or cross-examining any witness in deposition or trial subject to the limitations set forth in paragraph 2; provided, however, that:

(1) the resulting transcripts shall be treated as CONFIDENTIAL, in the same manner as the underlying documents or information; and

(2) appropriate protective measures are taken to close the Court to restrict dissemination of such documents or information, when CONFIDENTIAL information is to be presented. The party presenting the information or documents shall advise the Court of the CONFIDENTIAL nature of the documents or information and either party may then request that the proceedings be closed.

b. If any party wishes to disclose any material designated CONFIDENTIAL to anyone in addition to those identified in paragraph 2, notice shall be served on counsel for the party who designated the subject matter as CONFIDENTIAL. The notice shall include the identity of the person to whom disclosure is desired, the information to be disclosed, the need and purpose for the disclosure, and an acknowledgment called for in paragraph 4 hereof duly executed by that person. If there is no objection made in writing within ten (10) days after such notice, the disclosure may occur. If there is any such objection, such disclosure shall not occur except upon leave of Court or by written agreement of the party making such objection.

9. The restrictions of this Protective Order shall not apply to any information which in the future is made known to the discovering parties on a non-confidential basis by the producing party, or which is made known in the future to the discovering parties on any basis by any source other than the producing party, which source is completely independent of the discovering parties; further, said restrictions shall not apply to any information which the discovering parties shall establish was already known to it at the time of disclosure, or has been

or becomes a matter of public knowledge through no act of the discovering parties, or has been publicly available subsequent to disclosure through no act of the discovering parties.

10. Subject to the provisions of paragraph 9, all documents produced by either party and all information contained therein in connection with this litigation, regardless of their classification as CONFIDENTIAL or non-confidential, shall be utilized solely in connection with this litigation. Additionally, such documents and information shall not be utilized in connection with marketing efforts, press releases or news conferences relating to this litigation without the prior, express written consent of the producing party.

11. It is not the intention of this Protective Order to deal with any discovery objection to produce, answer or respond, including those on the grounds of attorney-client privilege or work product immunity, or to preclude either party from seeking further relief, modification of this Protective Order, or additional protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

12. At any time, the discovering parties may notify the producing party, in writing, of an objection to a confidentiality designation. If the parties are unable to reach an agreement on the disputed confidentiality designation, the discovering parties may apply to the Court for an order removing such designation, and the producing party shall respond with its reasons for making the designation. The party claiming confidentiality bears the burden of establishing the confidential nature of the information.

13. A party that inadvertently produces unlabeled confidential information may furnish a substitute copy properly labeled along with written notice that such information is

CONFIDENTIAL. The discovering parties must treat such information as CONFIDENTIAL upon receipt of such written notice and promptly return all copies of the information not marked CONFIDENTIAL.

14. At the termination of this litigation, all copies of documents or other discovery materials shall be returned to the producing party or the destruction thereof shall be certified by the discovering parties' counsel; except that counsel may retain one copy of confidential material for archival purposes only, subject to an ongoing obligation pursuant hereto.

_____
Paul F. Stack
Robert A. Filpi
STACK & FILPI CHARTERED
Suite 411
140 South Dearborn Street
Chicago, IL 60603-5298
**Counsel for Plaintiffs**
  **The Monotype Corporation and**
  **Agfa Monotype Corporation**

_____
Alan L. Unikel
Christopher E. Paetsch
Charles Chejfec
SEYFARTH SHAW
55 East Monroe Street, Suite 4200
Chicago, IL 60603
**Counsel for Defendant**
  **Red Hat, Inc.**

DONE AND ORDERED this ___1st___ day of ___August___, 2002.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE MONOTYPE CORPORATION, a Delaware corporation, ) ) ) | |
| Plaintiff, ) ) | CASE NO. 02 C 3713 |
| v. ) ) ) | Judge Nordberg Magistrate Judge Geraldine Soat Brown |
| RED HAT, INC., a Delaware corporation, ) ) ) ) | |
| Defendant. ) | |

## ACKNOWLEDGMENT

I, _____ acknowledge that I have been provided a copy of and have read the Protective Order entered in the above-identified action and that I fully understand and agree to my obligations pursuant to that Protective Order. Under threat of penalty of contempt, I agree to be bound by the terms of the Protective Order, and consent to the jurisdiction of the United States District Court for the Northern District of Illinois for all purposes relating to enforcement of the Protective Order.

DATE: _____     _____